*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES EDWARD LOCKMILLER,

        Defendant-Appellant.

UNPUBLISHED
February 21, 2023

No. 356217
Calhoun Circuit Court
LC No. 2017-003699-FH

ON REMAND

Before: MURRAY, P.J., and SERVITTO and O'BRIEN, JJ.

MURRAY, P.J. (*concurring*).

I concur with the majority that defendant has not established plain error in the trial court's imposition of the statutorily mandated lifetime electronic monitoring for his CSC-II conviction. See MCL 750.520c(2)(b) and MCL 750.520n(1). However, I also believe *People v Hallak*, 310 Mich App 555, 566-581; 873 NW2d 811 (2015), rev'd in part on other grounds 499 Mich 879 (2016), precludes defendant's arguments on the merits.

In *Hallak*, this Court addressed four issues: (1) whether defendant's conviction was supported by sufficient evidence, (2) whether the judicial fact-finding for purposes of scoring his guidelines was unconstitutional, (3) whether his mandatory sentence of lifetime electronic monitoring was cruel or unusual punishment or a violation of his right against unreasonable search and seizures, and (4) whether defendant's sentence was in part precluded by double jeopardy. *Hallak*, 310 Mich App at 560. On defendant's application for leave to appeal, the Supreme Court reversed the sentencing issue based on its recent decision in *People v Lockridge*, 498 Mich 358, 399; 870 NW2d 502 (2015), which held that the sentencing guidelines are advisory. See *Hallak*, 499 Mich at 879-880. The sentencing guideline issue in our *Hallak* decision was based on application of the then mandatory guidelines that determined the range for the length of defendant's sentence. In addressing that sentencing issue, we acknowledged that the outcome of *Lockridge* could impact our decision but that binding Court of Appeals precedent required affirmance. *Hallak*, 310 Mich App at 566 and n 5. Because *Lockridge* did in fact change that legal landscape, the *Hallak* order reversed defendant's sentence of 57 to 180 months for the CSC–

II conviction, 85 to 180 months for the CSC–III conviction involving another victim, and 16 to 24 months for each CSC–IV conviction, *Hallak*, 310 Mich App at 562-563, and remanded for the trial court to exercise its discretion on the length of defendant's sentence. *Hallak*, 499 Mich at 879-880. Leave to appeal was denied "[i]n all other respects." *Id.*

The mandatory imposition of lifetime electronic monitoring was simply not impacted by *Lockridge*, and nothing in the *Hallak* Supreme Court order indicates that anything other than defendant's sentence to prison was vacated and required reconsideration under *Lockridge*. Indeed, although the Court in *People v Cole*, 491 Mich 325, 336; 817 NW2d 497 (2012), held that lifetime electronic monitoring was a part of the sentence, it also recognized that the statute "indicates that the Legislature intended that lifetime electronic monitoring would itself be a penalty, in addition to the term of imprisonment imposed by the court." The separate penalty of lifetime electronic monitoring is mandatory, and its imposition would not be altered by a remand for a review of defendant's term of imprisonment.

Thus, this Court's *Hallak* decision on lifetime electronic monitoring remains binding precedent and precludes relief to defendant. And, even if it were not still binding, I would adopt in full the reasoning in *Hallak* and hold that the imposition of lifetime electronic monitoring for a defendant convicted of CSC-II does not violate our state constitutional prohibition of cruel or unusual punishments, nor did it constitute an unreasonable search and seizure.

/s/ Christopher M. Murray